IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| DUNHILL RESOURCES, INC., § | CASE NO. 03-41264-H2-7 | |
|     Debtor § | | |
| _____ § | | |
| § | | |
| JEFFREY A. COMPTON, § | | |
|     Plaintiff § | | |
| § | | |
| vs. § | ADVERSARY NO. 05-3640 | |
| § | | |
| CENTURY EXPLORATION NEW § | | |
| ORLEANS, INC.,f/k/a CENTURY § | | |
| EXPLORATION COMPANY, § | | |
|     Defendant § | | |

**MEMORANDUM OPINION IN SUPPORT OF ORDER GRANTING MOTIONS FOR JUDGMENT ON THE PLEADINGS (docs ## 95, 107, 113, 122) and <u>DISMISSING THIRD PARTY COMPLAINTS (docs ## 15, 23, 25, 27)</u>**

Century Exploration New Orleans, Inc. ("Century") filed a number of third party complaints seeking indemnity or contribution for sums that the chapter 7 trustee seeks to collect from Century as fraudulent transfers. For reasons set forth below, by separate final judgment issued this date, the third party complaints are dismissed.

ALLEGATIONS AND UNDISPUTED FACTS

Dunhill Holdings Inc. ("Holdings") is the parent corporation of the debtor, Dunhill Resources, Inc. ("Debtor") and (indirectly) of Dunhill Resources Mississippi ("Related Corporation").

Jeffrey Compton, in his capacity as chapter 7 trustee of Debtor's estate, is the Plaintiff in this adversary proceeding. In his complaint, Plaintiff alleges that Debtor transferred money to Century to pay the invoices that Century rendered to Related Corporation for operating Related Corporation's gas wells in the state of Mississippi. Plaintiff alleges that he can avoid the transfers and can recover the money from Century because Debtor had no ownership interest in the gas wells and received no other consideration for the transfer. In short, Plaintiff contends that Debtor's payment of Related Corporation's debt was a

fraudulent transfer under uniform state fraudulent conveyance law as well as under Bankruptcy Code § 550.

Century in turn filed third party complaints against Specialty Rental Tools & Supply LP ("STS"), T&T Welding Service, Inc. ("T&T"), BJ Services Company, USA ("BJ Services"), and Key Energy Fishing and Rental Services, L.P. ("Key") who are collectively referred to as Contractors and Suppliers.[1] Century alleges that the Contractors and Suppliers performed work for Century in connection with the operation of the gas wells, and that some, but not all, of the funds that Debtor paid to Century were intended ("earmarked") to pay invoices that the Contractors and Suppliers had rendered to Century. In its third party complaint, Century seeks indemnification or contribution from the Contractors and Suppliers.

The Contractors and Suppliers filed motions for judgment on the pleadings (docs ## 95, 107, 113, 122).

## LEGAL STANDARD

There is no dispute about the legal standard to apply. The Court recites Century's statement of that standard:

> "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 n. 8 (5th Cir. 2000). In order to obtain judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), a party must show that a plaintiff can prove *no* set of facts in support of its claim that would entitle him to relief. *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citation omitted). In ruling, the district court is confined to the pleadings and must accept all allegations contained in the plaintiff's pleadings as true. *St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co.,* 937 F.2d 274, 279 (5th Cir. 1991).

## ANALYSIS OF CLAIMS ASSERTED BY CENTURY

1. Indemnity

Century cites no statutory authority for its claim of a right to indemnity. Century cites one bankruptcy case and two Mississippi cases that it contends give rise to a right of indemnity.

---

[1] Century filed other third party complaints, but those third party defendants did not file 12(b)(6) or 12(c) motions, and therefore are not addressed in this decision.

The first case Century cites is *Cassirer v. Sterling Nat'l Bank & Trust Co. of N.Y. (In re Schick)*, 223 B.R. 661 (Bankr. SDNY 1998). That case is not controlling and is not even persuasive. That case was decided on agency principles, not a general right of indemnity for recovery of fraudulent transfers. Schlick is not relevant to the case at bar because there is no agency relationship alleged in this instant case.

But more important *Schick* stands for the opposite proposition for which Century cites it. Sterling Bank, the defendant in *Schick* had sold 100% of its loans to other financial institutions; Debtor paid money to Sterling in Sterling's capacity as agent for those other banks that owned the notes. In *Schick* Judge Bernstein expressly held that an initial transferee (like Century) does <u>not</u> have an implied right of indemnity against a subsequent transferee. Judge Bernstein denied the third party defendant's motion to dismiss only because the agency agreement between Sterling and the third party defendants might be read to include an express right of indemnity. Century's memorandum of authorities misrepresents Judge Bernstein's conclusion. The memorandum cites only the language of the opinion that states that the judge " ... [could] not discount the possibility that Sterling could prove a set of facts that would entitle it to indemnity." But Century does not cite the reason that the judge could not discount that possibility. The reason that the judge stated was that:

> The participation agreements indicate that the Participants bore the risk of Schick's nonpayment. Sterling collected the debt and earned a commission. While the present situation does not involve Schick's nonpayment, but rather, the return of a payment that Schick actually made, I cannot discount the possibility that Sterling could prove a set of facts that would entitle it to indemnity.[2]

A fair reading of the opinion clearly shows that Judge Bernstein held that absent a written agency agreement there would be no right of indemnity and he would have granted the third party defendant's motion to dismiss for failure to state a claim.

Century cites two Mississippi cases for the proposition that there is an "implied" right of indemnity. But, as Century points out, the cases hold that:

> Two 'critical' prerequisites of noncontractual implied indemnity in Mississippi are: (1) The damages which the claimant seeks to shift are imposed upon him as a result of some legal obligation to the injured

---

[2] *Schick* at 664.

person; and (2) it must appear that the claimant did not actively or affirmatively participate in the wrong.[3]

Assuming *arguendo* that Century correctly cites the law, it cannot prevail. Century alleges that it actively and affirmatively participated in the transaction by receiving the funds, allegedly knowing them to be allegedly earmarked for the Contractors and Suppliers, and Century admits that it transferred the funds to the Contractors and Suppliers with this alleged knowledge. Century thus alleges and admits that it participated actively and affirmative in the transaction that it alleges to be the "wrong".

In *In re John Peterson Motors, Inc.*, 56 BR 588 (Bankr. D. Minn. 1986), Judge Kressel held that there was no federal statute or common law that created a right to contribution or indemnity in a preference action.

> Presumably Borreson's claim for indemnity or contribution is based on state law. There is no federal general common law, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and "[a]bsent some Congressional authorization to formulate substantive rules of decision, federal common law exists only in such narrow areas as those concerned with the rights and obligations of the United States, interstate and international disputes implicating the conflicting rights of states or our relations with foreign nations, and admiralty cases." *Texas Industries, Inc. v. Radcliff Materials*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981). There is certainly nothing in Title 11 to suggest that Congress expressly or implicitly intended to create a right to contribution or indemnity.[4]

Although *Peterson* is a preference case, both preferences and fraudulent conveyances are recovered under the same Bankruptcy Code § 550. Therefore, the Court concludes that jurisprudence regarding preferences is also applicable to fraudulent transfers.

2.  Contribution

Century cites no authority for its right to contribution, and the Court could find none.

---

[3] Century Memorandum, docket # 112, paragraph 12, page 7.

[4] *Peterson* in footnote 5.

There is authority determining that there is no right to contribution: *Weiboldt Stores, Inc. v. Schottenstein*, 111 BR 162 (ND IL 1990). The *Weiboldt* case is expanded upon by a casenote in the *Seton Hall Law Review* as reaching the right answer:

> Thus there simply is no basis on which a right of indemnification or contribution can be found under federal common law. When asked by the third party plaintiffs in *Weiboldt* to fashion such a remedy under federal common law, the district court refused explaining, "in enacting the Bankruptcy Code Congress created a comprehensive legislative program providing for no right to contribution. This court refuses to fashion a new remedy that might disturb this carefully considered legislative scheme." There is no reason to think that other courts will find differently. The rationale of *Northwest Airlines, Inc. v. Transport Workers Union of America*, on which the *Weiboldt* court relied in finding no right to contribution under federal law, would likewise bar claims for indemnity. "As with contribution, such claims could only arise by implication under the statutes or under common law principles, and the same arguments would preclude recognition of indemnity under either theory."[5]

*Weiboldt* and the *Seton Hall Law Review* were both cited with approval by the Court of Appeals for the Fifth Circuit: *Matter of Walker* 51 F.3d 562 (5th Cir. 1995).

## SUBJECT MATTER JURISDICTION

In *Walker*, the Fifth Circuit further indicates that even if there were a third party claim under state law, the Bankruptcy Court would not have subject matter jurisdiction to hear it, because the bankruptcy court does not have supplemental jurisdiction. The Circuit even casts doubt on the district court's jurisdiction to exercise supplemental jurisdiction when acting in its bankruptcy jurisdiction:

> [W]e do not address the difficult question of whether a district court may address claims that are supplemental to its bankruptcy jurisdiction. See generally Susan Block-Lieb, The Case Against Supplemental Jurisdiction: A Constitutional, Statutory, and Policy Analysis, 62 Fordham L.Rev. 721 (1994) (discussing arguments against district court's exercising jurisdiction supplemental to their bankruptcy jurisdiction and describing cases).[6]

---

[5] 23 Seton Hall Law Review 1600 (1993).

[6] *Walker* at 570.

## CONCLUSION

Century's claims against the Contractors and Suppliers is dismissed for failure to state a claim on which relief can be granted under federal law or under state law and judgment is rendered on the pleadings. And, to the extent that subject matter jurisdiction may exist under state law, the third party complaints are dismissed for want of subject matter jurisdiction.

SIGNED  June 27, 2006

_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE